

**ORDERED in the Southern District of Florida on July 9, 2025.**

**Scott M. Grossman, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MARK S. KUZNIAR,                                  Case No. 24-12793-SMG

    Debtor.                                           Chapter 13

_____/

### ORDER DENYING DEBTOR'S
### MOTION TO MODIFY PLAN WITHOUT PREJUDICE

On April 25, 2025, the Debtor filed a *Motion to Modify Plan*,[1] which was set for hearing on June 12, 2025.[2] That same day the Debtor filed his third modified chapter 13 plan[3] and certificates of service[4] for (1) the motion to modify, (2) the notice of hearing, and (3) the modified chapter 13 plan, as required by Federal Rule of

---

[1] ECF No. 102.
[2] ECF No. 103.
[3] ECF No. 104.
[4] ECF Nos. 105, 106.

Bankruptcy Procedure 3015(h).[5] After the hearing, a proposed order granting the motion to modify was submitted to the Court, which represented that the matter came before the Court on the June 12, 2025 chapter 13 consent calendar without opposition. Upon review of the certificates of service, however, the Court is unable to conclude that the motion, modified plan, or notice of hearing were properly served on all parties required to receive notice thereof.

The certificates of service[6] filed with respect to these matters failed to comply with Local Rule 2002-1(F). That rule requires a certificate of service to "list the names and addresses, and date and manner of service, of all parties required to be served by the filing party."[7] The rule does, however, permit a CM/ECF notice of electronic filing to "be incorporated by reference in the certificate of service to identify those parties who – having previously appeared in the case – were served electronically."[8]

The certificate of service[9] of the third modified chapter 13 plan states:[10]

> I hereby certify that a true and correct copy of the Debtor's Third Modified Chapter 13 Plan (DE #104), was served via both electronic mail and certified mail, pursuant to FRBP 7004, were applicable and/or regular first class mail postage pre-paid on this 25th day of April, 2025 to: All creditors and interested parties reflecting on the attached service/mailing list.

---

[5] Fed. R. Bankr. P. 3015(h) ("A request to modify a confirmed plan under § 1229 or § 1329 must identify the proponent and include the proposed modification. Unless the court orders otherwise for creditors not affected by the modification, the clerk or the court's designee must: (A) give the debtor, trustee, and creditors at least 21 days' notice, by mail, of the time to file objections and the date of any hearing; (B) send a copy of the notice to the United States trustee; and (C) include a copy or summary of the modification."); *see also* Fed. R. Bankr. P. 2002(a)(5) (requiring at least 21 days' notice by mail of the time to accept or reject a proposed modification to a plan); Local Rule 2002-1(C)(5)(b) ("[t]he attorney for the debtor . . . must serve any . . . modified plan and any notice of hearing thereon on the trustee, all creditors, and interested parties, and file a certificate of service.").

[6] ECF Nos. 105, 106.

[7] Local Rule 2002-1(F).

[8] *Id.*

[9] ECF No. 105.

[10] This quote is verbatim, without correction of typographical or grammatical errors.

The certificate of service[11] of the motion to modify and related notice of hearing reads as follows:[12]

> I hereby certify that a true and correct copy of the Debtor's Motion to Modify Plan After Confirmation To Reflect And In Response To U.S. Bank Trust Company, National Association As Trustee's Notice of Mortgage Payment Change (P.O.C. #10-1)( DE #101) (DE #102 reflecting a Notice of Hearing (DE #103) scheduled for <u>June 12, 2025at 10:00am</u>, US Courthouse, 299 E. Broward Blvd, Courtroom 308 (SMG), Fort Lauderdale, Florida, was served via both electronic mail and certified mail, pursuant to FRBP 7004, were applicable and/or regular first class mail postage pre-paid this 25th day of April, 2025 to: All creditors and interested parties reflecting on the attached service/mailing list.

Reviewing both certificates of service, it is impossible to tell which creditors received notice in which manner: Who was served by first class mail? Who was served by certified mail? Who was served under Federal Rule of Bankruptcy Procedure 7004? Who was served by electronic mail (and at what email addresses)?

As for service by electronic mail – which is different from service on a registered user through CM/ECF – that is only permitted under Federal Rule of Bankruptcy Procedure 9036(b)(2) if the recipient consented in writing to such notice. To the extent service was made on registered users through CM/ECF – which is permitted under Rule 9036(b)(1) (indeed, it is encouraged) – the certificates of service fail to actually state that (let alone which creditors received notice that way). In short, neither the Court, nor any interested party reviewing the certificates of service has any way to know who was served, in what manner, and at what address. Without

---

[11] ECF No. 106.
[12] This quote is verbatim, without correction of typographical or grammatical errors.

3

that information, the Court is unable to determine that adequate notice was given of the motion to modify, the third modified plan, or the hearing thereon. And with the Court unable to determine whether adequate notice was given, the Court is unable to conclude that the motion to modify came before the Court without opposition. Accordingly, the Court cannot sign the order submitted granting the motion.

In addition, both certificates of service failed to comply with Local Rule 5005-1(A)(1), which requires that "[a]ll PDF documents created for filing in CM/ECF . . . must be saved in a text-searchable format." Given the volume of filings the Court reviews on a daily basis, being able to search the text of a PDF document is critical to the Court's efficient functioning. And with most word processing applications having incorporated functions to easily convert documents directly into PDF format, there is no excuse midway through the 2020s for attorneys to still be printing and then scanning documents created for filing.

Proper notice and service is the touchstone of bankruptcy practice.[13] Unlike in a civil action where process must be formally served before a party may be entitled to relief, in bankruptcy cases debtors, creditors, and other interested parties can often achieve extraordinary relief by providing simple notice by mail or through the Court's

---

[13] *See, e.g., In re Wilcox,* 463 B.R. 143 (B.A.P. 10th Cir. 2011) (stating that "[a] 'mailing matrix' is a critical part of the functioning of the bankruptcy court system, ensuring that notice of the bankruptcy proceedings is given to all interested parties" and noting that the advisory committee's notes to Rule 1007 of the Federal Rules of Bankruptcy Procedure emphasize that "[n]otice to creditors and other parties in interest is essential to the operation of the bankruptcy system." (quoting Fed. R. Bankr. P. 1007 advisory committee's note (2005))); *In re Carlo*, 392 B.R. 920, 922 (Bankr. S.D. Fla. 2008) (noting that "[b]ankruptcy proceedings regularly involve unusual time constraints and distant parties," and "the notice requirements of due process should continue to counter-balance a bankruptcy proceeding's expeditiousness.").

that information, the Court is unable to determine that adequate notice was given of the motion to modify, the third modified plan, or the hearing thereon. And with the Court unable to determine whether adequate notice was given, the Court is unable to conclude that the motion to modify came before the Court without opposition. Accordingly, the Court cannot sign the order submitted granting the motion.

In addition, both certificates of service failed to comply with Local Rule 5005-1(A)(1), which requires that "[a]ll PDF documents created for filing in CM/ECF . . . must be saved in a text-searchable format." Given the volume of filings the Court reviews on a daily basis, being able to search the text of a PDF document is critical to the Court's efficient functioning. And with most word processing applications having incorporated functions to easily convert documents directly into PDF format, there is no excuse midway through the 2020s for attorneys to still be printing and then scanning documents created for filing.

Proper notice and service is the touchstone of bankruptcy practice.[13] Unlike in a civil action where process must be formally served before a party may be entitled to relief, in bankruptcy cases debtors, creditors, and other interested parties can often achieve extraordinary relief by providing simple notice by mail or through the Court's

---

[13] *See, e.g., In re Wilcox,* 463 B.R. 143 (B.A.P. 10th Cir. 2011) (stating that "[a] 'mailing matrix' is a critical part of the functioning of the bankruptcy court system, ensuring that notice of the bankruptcy proceedings is given to all interested parties" and noting that the advisory committee's notes to Rule 1007 of the Federal Rules of Bankruptcy Procedure emphasize that "[n]otice to creditors and other parties in interest is essential to the operation of the bankruptcy system." (quoting Fed. R. Bankr. P. 1007 advisory committee's note (2005))); *In re Carlo*, 392 B.R. 920, 922 (Bankr. S.D. Fla. 2008) (noting that "[b]ankruptcy proceedings regularly involve unusual time constraints and distant parties," and "the notice requirements of due process should continue to counter-balance a bankruptcy proceeding's expeditiousness.").

CM/ECF filing system of their intended action.[14] It should not be too much to ask that the proponent of the action file a proper certificate of service clearly stating who was served with what document, when, where, and how. Indeed, should a dispute arise in the future, it would behoove the proponent to have an adequate certificate of service to point to showing that the party now raising an issue received proper notice but failed to object.

A certificate of service is important. It is not some after-the-fact box to check after filing a motion. Failure to provide proper notice has serious consequences and repercussions, including the possibility that creditors who did not receive adequate notice may not be bound by the relief granted.[15] The Court expects counsel to provide the same attention and care to certificates of service as to the substantive relief being requested. Failure to do so could come back to bite one's client in the future.

For all these reasons, it is **ORDERED** that the *Debtor's Motion to Modify Plan* is **DENIED WITHOUT PREJUDICE**.

# # #

*Copy furnished to Steven A. Zipper, Esq. who must serve a copy of this Order on all interested parties and file a certificate of service thereof.*

---

[14] Of course, certain types of relief require more formal notice and service. *See, e.g.*, Fed. R. Bankr. P. 7004, 9014.

[15] *See, e.g., In re Johnson*, 274 B.R. 445, 449 (Bankr. D.S.C. 2001) (noting that courts generally recognize an exception to finality of a confirmation order as to a creditor who was denied due process for lack of notice); *In re Newstar Energy of Texas, LLC*, 280 B.R. 623, 626 (Bankr. W.D. Mich. 2002) ("If a creditor does not receive adequate notice, that creditor is not bound by the confirmation order.").

5